IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHAD STONE,<br><br>    Plaintiff,<br><br>vs.<br><br>JUSTICE OF THE PEACE LINDA CANTON; SHERIFF BRAD BICHLER; ATTORNEY KARL KNUCHEL; MIKE DIRKERS; CLAUDETTE DIRKERS; CHRIS WILLIAMS; SHARRON STAN; PARK COUNTY ATTORNEY KENDRA LASSITER (ANDERSON); DISTRICT COURT JUDGE BRENDA GILBERT; PARK COUNTY SHERIFFS DEPARTMENT,<br><br>    Defendants. | Cause No. CV 20-109-BLG-SPW-KLD<br><br>ORDER |

On July 22, 2020, Plaintiff Stone moved to proceed in forma pauperis (Doc. 1) with a complaint (Doc. 2) seeking redress for what he describes as a course of illegal activities against him. On August 3, 2020, he filed another complaint in the same action (Doc. 4), and on October 20, 2020, he filed a document captioned for another court and titled "Notice to the Court/Notice of Appeal" (Doc. 5).

1

## I. Motion to Proceed In Forma Pauperis

Stone's application may not be fully accurate. He states that his average monthly income is $40,000, and his spouse's is $25,0000. *See* Application (Doc. 1) at 1. More likely these are annual figures. The form is also not entirely clear. It may mean that Stone and his spouse split the utilities and home maintenance expenses, or it may mean that Stone's spouse pays them. *See id*. at 4.

On the whole, however, Stone adequately demonstrates that he was not able to pay the full filing fee at the time of filing. *See* Mot. to Proceed (Doc. 1). His motion to proceed in forma pauperis will be granted.

## II. Preliminary Review

Because Stone is proceeding in forma pauperis, the Court must review the pleadings to determine whether he fairly states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). As currently presented, the complaint fails to comply the Federal Rules of Civil Procedure, which require a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition, in at least some respects, Stone appears to seek relief that is not available from a federal court or under federal law. But Stone may cure the defects of the complaint by filing an amended complaint. He is entitled to an opportunity to do so. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam);

*Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

The Court will explain some points of law that are raised by Stone's complaint. The following discussion does not necessarily mean that Stone cannot proceed in federal court at all, but he should understand that federal law might not provide him with the relief he wants.

**A. "Criminal" Complaint**

Stone states that he is filing a "criminal complaint." *See* Compl. (Doc. 2) at 7. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). And, except in special circumstances not present here, *see, e.g.*, *DeShaney v. Winnebago County Soc. Servs.*, 489 U.S. 189, 198–200 (1989), public officials' failure to protect one person against another does not violate the person's constitutional rights. "[T]he liberty protected by the Due Process Clause affords protection against unwarranted *government* interference," but it "does not confer an entitlement to such governmental aid as may be necessary to realize all the advantages of that freedom." *DeShaney*, 489 U.S. at 196 (internal brackets omitted). Prosecutors and law enforcement officers have discretion to decide what to investigate and what to prosecute, and their decisions are not subject to judicial oversight. *See Gerstein v. Pugh*, 420 U.S. 103, 119 (1975).

To the extent Stone asks this Court to investigate or prosecute anyone, or asks the Court to order someone else to do so, the relief he requests is not available.

### B. Comity Between State and Federal Courts

#### 1. Pending State Proceedings

In addition to having limited jurisdiction, federal courts "espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

Stone's complaint indicates that some aspects of his dispute with one or more of the defendants he names may currently be at issue in a state or municipal court. He is advised that a federal court will generally dismiss or stay a plaintiff's claims if each of the following four circumstances applies:

(1) there is "an ongoing state judicial proceeding";

(2) the proceeding "implicate[s] important state interests";

(3) the plaintiff has "an adequate opportunity in the state proceedings to raise [federal] constitutional challenges"; and

(4) the plaintiff "seek[s] to enjoin" or chooses a remedy that would have "the practical effect of enjoining" the ongoing state judicial proceeding.

*See ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014); *see also Younger v. Harris*, 401 U.S. 37 (1971).

On the other hand, even if these four circumstances apply, Stone may proceed in this Court if he alleges facts demonstrating that "bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm.*, 457 U.S. at 435.

### 2. Concluded State Proceedings

Stone's complaint also appears to question the validity of one or more judgments or final orders that have already been entered by a state or municipal court. Federal courts have no appellate jurisdiction over state courts' decisions. *See* 28 U.S.C. §§ 1257(a), 1331; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983). A party who loses a lawsuit in state court cannot file suit in federal court to seek review of a state court's judgment or to complain of injuries caused by it.[1] *See Exxon Mobil Corp. v. Saudi Basic Indus., Inc.*, 544 U.S. 280, 284 (2005).

---

[1] Stone's "notice of appeal" (Doc. 5), filed on October 20, 2020, has no weight and initiates no action in this Court.

## C. Defendants

Under 42 U.S.C. § 1983, a plaintiff may sue an individual person or a municipal entity, such as a county or city.

The Park County Sheriff's Department is not an entity capable of being sued. *See* Mont. Code Ann. §§ 7-1-2103(1), -4124(2) (providing that counties and cities have power to "sue and be sued"); Mont. Code Ann. tit. 7, ch. 32, parts 21, 41 (not providing for county or city law enforcement entities' power to sue or be sued); *cf. State of Montana v. District Court of the Thirteenth Jud. Dist.*, 550 P.2d 382, 385 (Mont. 1976).

To sue an individual, Stone must explicitly link up a federal law, such as the Fourth Amendment or the Equal Protection Clause,[2] *see* Compl. Supp. (Doc. 4) at 3 ¶ II(B), with specific acts by specific defendants whom he believes violated that law.

A county or city, however, is not liable for acts of its employees in the way other employers generally are liable for employees' acts—or, as it is more typically said, there is no *respondeat superior* liability under § 1983. "Congress did not intend municipalities to be held liable [under § 1983] unless action pursuant to

---

[2] Stone asserts "HIPPA violations." Compl.. Supp. (Doc. 4) at 3 ¶ II(B). The Health Insurance Portability and Accountability Act ("HIPAA") does not give rise to a cause of action that a plaintiff can pursue against a defendant. *See, e.g.*, *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010). The Court is not aware of a federal act with the acronym HIPPA.

official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). "The 'official policy' requirement [is] intended to distinguish acts of the *municipality* from acts of *employees* of the municipality." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original).

Consequently, a plaintiff attempting to sue a municipality must allege facts supporting an inference that a municipal policy was the moving force in causing a constitutional violation. *See Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 400 (1997). A municipal policy may be shown in one of three ways:

1. *An Express Policy or a Custom or Practice.* Either the county has an express policy that violates constitutional rights, *see, e.g.*, *Monell*, 436 U.S. at 661 ("official policy compelled pregnant employees to take unpaid leaves of absence before such leaves were required for medical reasons"), or policymaking authorities have actual or constructive knowledge of a persistent, widespread, common, and well-settled practice of city officials or employees, *see, e.g.*, *Webster v. City of Houston*, 735 F.2d 838, 841–42 (5th Cir. 1984) (en banc) (per curiam); *see also Webster*, 689 F.2d 1220, 1222–23 (5th Cir. 1982) (describing evidence establishing practice).

2. *A Single Act of a Final Policymaker.* A person or group with final policymaking authority on the relevant issue commits or orders an act that violates constitutional rights, *see, e.g.*, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 484–85 (1986).

3. *Failure to Train.* "In light of the duties assigned to specific officers or employees the need for . . . training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the [county] can reasonably be said to have been

deliberately indifferent to the need" for training. *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). A failure-to-train theory may also take the form of failure to supervise or negligent hiring, for example, "where adequate scrutiny of [a job] applicant's background would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire the applicant would be the deprivation of a third party's federally protected right." *Brown*, 520 U.S. at 411.

### D. Immunities

Judges and city or county attorneys who act within the scope of their duties by presiding over or initiating or declining prosecutions have absolute immunity against claims for damages under 42 U.S.C. § 1983, regardless of whether their actions and decisions are right, wrong, reckless, unconstitutional, or entirely lawful. *See, e.g.*, *Stump v. Sparkman*, 435 U.S. 349, 359–60 (1978); *Imbler v. Pachtman*, 424 U.S. 409, 427–29 (1976); *Miller v. Gammie*, 335 F.3d 889, 898 (9th Cir. 2003) (en banc). Further, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

### E. Statement of Claims Rather than Narrative

Stone must amend his pleading to enable others, including the Court, to understand who he is suing and for what. Stating a claim is not the same thing as relating a series of events or characterizing a person's actions. A complaint must

8

be "a short and plain statement of [each] claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

The United States Supreme Court explains this requirement:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

For each legal wrong Stone alleges, he must identify which defendant or defendants he believes to be legally liable to him for that wrong; describe what each defendant did to cause or contribute to causing that wrong; state when and where each defendant acted; and explain how Stone was harmed as a result. For example, instead of saying he was denied his "right to a fair trial," Compl. Supp. (Doc. 4) at 5 ¶ IV, Stone must identify which defendant or defendants had a duty to provide him a fair trial and what issue or issues were to be tried; describe what each defendant did to deprive him of a fair trial or how each defendant contributed to depriving him of a fair trial; state when and where each defendant acted (or

9

failed to act); and describe the harm Stone suffered as a result of not having a fair trial.  Stone must repeat this process for each claim on which he intends to proceed in this Court.

The form complaint Stone submitted encourages plaintiffs to structure their pleadings in this way.  Stone can clarify his claims by using the form amended complaint the clerk will provide.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Stone's motion to proceed in forma pauperis (Doc. 1) is GRANTED.

2.  Stone must respond to this Order on or before **April 30, 2021.**

3.  With Stone's service copy of this Order, the clerk will include the District's standard form amended complaint.

<u>Stone must immediately advise the Court of any change in his mailing address</u> by filing a Notice of Change of Address.  Failure to do so may result in dismissal of this action without notice to him.

DATED this 12th day of March, 2021.

_____
Kathleen L. DeSoto
United States Magistrate Judge